IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LAUREN TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-05103-CV-SW-DPR |
| | ) | |
| JAGDEEP S. SAHOTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Amended Motion for Approval of Wrongful Death Settlement, filed under seal. (Doc. 60.) Plaintiff has also filed an unsealed version of the motion, with all dollar amounts redacted. (Doc. 61.) This case arises from the death of Dale Temple, who passed away after a motor vehicle accident. Plaintiff Lauren Temple brought a wrongful death action against Defendants, on her own behalf and as the surviving daughter of decedent.[1] The parties have since reached a proposed settlement of all claims against all Defendants.

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095. A plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id*.; *id*. § 537.080.1; (2) the settlement amount is apportioned fairly, *see id*. § 537.095.2; and (3) the attorneys' fees are paid "as contracted, or, if there is no contract," fairly and equitably, *id*. § 537.095.4(2).

---

[1] The action was removed to this Court from the Circuit Court of Jasper County, Missouri.

Upon review, the Court concludes that the proposed settlement complies with Missouri law. First, Plaintiff has fulfilled the notice requirement, as she is the sole member of the class of persons entitled to bring the action under Section 537.080.1(1). (Doc. 60-3 at 1.)

Second, the gross settlement amount is fairly apportioned under the circumstances of this case, as Plaintiff is the only person entitled to share in the proceeds.

Third, under Section 537.095.4(2), the claimant is required to "deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted." *See Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994). Here, Plaintiff has stated that under her contract, she "agreed to compensate Attorneys a fee equal to 40% of the total recovery fee for their professional services, and [her attorneys have] agreed to reduce [their] contingency fee to 33%." (Doc. 60-3 at 1.) Accordingly, the proposed settlement provides for attorneys' fees equaling 33% of the gross settlement amount, as contracted and agreed to by Plaintiff's attorneys.

Based on the foregoing, the Court concludes that the parties' proposed settlement complies with Missouri law. It is therefore **ORDERED** that the Amended Motion for Approval of Wrongful Death Settlement is **GRANTED**. Pursuant to Mo. Rev. Stat. § 537.095.3, the total settlement of ▮▮▮▮▮ is approved, and the Clerk's Office shall enter an unsealed judgment as to such amount, with all dollar amounts redacted, and a sealed unredacted judgment.

As required by Mo. Rev. Stat. § 537.095.4. it is further **ORDERED** that Plaintiff shall:

a. execute a settlement release on behalf of the members of the class of persons entitled to recover;

b. collect and receipt for the payment of the judgment;

c. deduct and pay the expenses of recovery and collection of the judgment in the amount of ▮▮▮▮▮ to The Simon Law Firm, P.C.;

d. deduct and pay attorneys' fees in the amount of ▮▮▮▮▮ to The Simon Law Firm, P.C.;

2

Case 3:20-cv-05103-DPR   Document 64   Filed 11/29/21   Page 2 of 3

e. distribute the net proceeds, after deducting attorneys' fees and expenses, between the persons entitled to recover as set forth above;

f. acknowledge satisfaction for the judgment and cost; and

g. report and account therefor to the Court.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: November 29, 2021